UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| BLUE GRASS MANUFACTURING COMPANY OF LEXINGTON, INC., <br><br>   Plaintiff, <br><br>   v. <br><br> BEYOND A BLADE, INC., FLUSH-CUT, INC., and PAWS OFF TOOLS, LLC <br><br>   Defendants. <br> _____/ | No. MC 10-80248 WHA (LB) <br><br> **REPORT AND RECOMMENDATION RE MOTION FOR ASSIGNMENT OF RIGHTS, RESTRAINING ORDER AND TURNOVER ORDER** <br><br> [ECF No. 3] |

**I. INTRODUCTION**

Plaintiff Blue Grass Manufacturing Company of Lexington, Inc. ("Blue Grass") filed an unopposed motion seeking an order for assignment of rights to accounts receivable, a restraining order preventing the defendants from alienating the accounts receivable, and a turnover order against Defendants Beyond A Blade, Inc., Flush-Cut, Inc., and Paws Off Tools, LLC (collectively "Defendants"). Motion, ECF No. 3.[1]  The district court referred the matter to the undersigned on January 25, 2011.  ECF No. 10.  On March 22, 2011, Plaintiff re-noticed the motion for a hearing before the undersigned.  ECF No. 15.  Defendants filed no opposition.  The undersigned held a hearing on the motion on May 5, 2011, and Defendants did not appear.  Based on Blue Grass's identification of entities that are reasonably believed to owe assignable payments to Defendants, and

---

[1] Citations are to the clerk's electronic case file (ECF) with pin cites to the electronic page numbers at the top (as opposed to the bottom) of the page.

REPORT AND RECOMMENDATION
(MC 10-80248 WHA (LB))

given Defendants' failure to oppose the motion, the undersigned recommends that the court grant Blue Grass's motion as to the requested assignment of rights, restraining order, and turnover order.

## II. FACTS

Blue Grass obtained a judgment for $265,963.58 against Defendants from the United States District Court for the Eastern District of Kentucky, Case No. 5:10-134-JMH. Exh. A, ECF No. 3-2 at 5. The judgment was registered in this district, CV-10-80248 MISC WHA. ECF No. 1. Blue Grass filed a noticed motion seeking an order for assignment of rights, a restraining order, and a turnover order. ECF No. 3. Judge Alsup referred all post-judgment matters to the undersigned. ECF No. 10. On January 28, 2011, Blue Grass filed proof of service on Defendants, who did not oppose the motion or otherwise appear in this action. ECF No. 11 at 1-2. The proof of service states that Defendants are located in Cazadero, California. *Id.* The motion was re-noticed for May 5, 2011, and the undersigned conducted a hearing on the motion on that date. Defendants did not appear at the hearing.

## III. LEGAL STANDARD

A final judgment for the recovery of money entered by a federal district court outside of California may be entered in California by registering it in a federal district court in California. *See* 28 U.S.C § 1963. The execution of final judgments is governed by Rule 69(a) of the Federal Rules of Civil Procedure, which provides:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution--and in proceedings supplementary to and in aid of judgment or execution--must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Fed. R. Civ. P. 69(a). Thus, post-judgment enforcement proceedings in this court must comply with California law. *Credit Suisse v. U.S. Dist. Court for Cent. Dist. of California*, 130 F.3d 1342, 1344 (9th Cir. 1997); *Carnes v. Zamani*, 488 F.3d 1057, 1060 (9th Cir. 2007) ("Rule 69(a) requires the court to apply state law to 'proceedings supplementary to and in aid of a judgment' unless there is a federal statute that would apply.").

The California Code of Civil Procedure provides that "after entry of a money judgment, a writ of execution shall be issued by the clerk of the court upon application of the judgment creditor." Cal. Code Civ. P. § 699.510. The California Code of Civil Procedure further provides procedures for the

assignment of assets, issuance of restraining orders, and issuance of turnover orders as discussed in more detail below.

## IV.  DISCUSSION

### A.  Assignment of Rights

In its noticed motion, Blue Grass seeks assignment of:

> all accounts, accounts receivable, rights to payment of money, funds on hand, deposits and deposit accounts to and in favor of Defendants . . . which arise out of or are based upon the sale of tools, manufacture of tools, licensing of tools, licensing of any patent, trademark, or any other intellectual property, distribution of tools or hardware, or any other manufacture or distribution of tools for any and all retailers, wholesalers, distributors, jobbers, subjobbers, or the like, under C.C.P. 708.51 0(a).

ECF No. 3 at 1.

"[U]pon application of the judgment creditor on noticed motion, the court *may* order the judgment debtor to assign to the judgment creditor . . . all or part of a right to payment due or to become due, whether or not the right is conditional upon future developments." Cal. Code Civ. P. § 708.510(a) (emphasis added).   The California Legislature explained in creating § 708.510 that:

> [The statute] provides a new procedure for reaching certain forms of property that cannot be reached by levy under writ of execution . . . .  It also provides an optional procedure for reaching assignable forms of property that are subject to levy, such as accounts receivable . . . .  This remedy may be used alone or in conjunction with other remedies provided in this title for reaching rights to payment, such as execution.

Legislative Committee Comment to Cal. Code Civ. P. § 708.510.

Service must be made personally or by mail. *See Sleepy Hollow Inv. Co. No. 2 v. Prototek, Inc.*, No. 03-4792, 2006 WL 279349, at *2 (N. D. Cal. Feb. 3, 2006) (citing Cal. Code Civ. P. § 708.510(b)); Fed. R. Civ. P. 69(a).  In this case, on January 28, 2011, Blue Grass served Defendants by mail, notifying Defendants of the pending motion. ECF No. 11 at 1-2.

The court has broad discretion in determining whether to order an assignment and may consider all relevant factors, including: "the amount remaining due on the money judgment" and "the amount being or to be received in satisfaction of the right to payment that may be assigned." Cal. Code Civ. P. § 708.510(c)(3)-(4); *see Sleepy Hollow Inv. Co. No. 2*, 2006 WL 279349, at *2.  "A right to payment may be assigned pursuant to this article only to the extent necessary to satisfy the money

judgment." Cal. Code Civ. P. § 708.510(d). "Although the Court may take into consideration all relevant factors, the sole constraints placed on the Court are that the right to payment be assigned only to the extent necessary to satisfy the creditor's money judgment and that, where part of the payments are exempt, the amount of payments assigned should not exceed the difference between the gross amount of the payments and the exempt amount." *Sleepy Hollow Inv. Co. No. 2 v. Prototek, Inc.*, 2006 WL 279349, at *2. Exemptions may only be claimed by natural entities. Cal. Code. Civ. P. § 703.020(a).

"[W]here a judgment creditor can identify a person or entity which is obligated to make payment to the judgment debtor, and where that right to payment is assignable, the right to payment can be assigned from a third party obligor to the judgment creditor." *Garden City Boxing Club, Inc. v. Briano*, No. 06-1270, 2007 WL 4463264, at *1 (E. D. Cal. Dec. 13, 2007) (quotation omitted).

In the instant motion, Blue Grass provided the court with a list of specific third parties from which it seeks the assignment of payment rights and accounts receivable, and Blue Grass described the process it used to identify the entities who are alleged to be selling Defendants' products. ECF No. 3-1 at 2-3; Cook Decl., ECF No. 3-2 at 2-3, ¶¶ 4-7; Exhibit A-1, ECF No. 3-3 at 2-20. Blue Grass found Defendants' products available for sale on Amazon.com, Grady's Online, acehardwareoutlet, DrillSpot, MSC Industrial Supply Co., Northern Tool & Equipment, and Denny And Kathy's Superstore, and Discount Builders Supply. *Id.* Blue Grass also obtained a list of tool and hardware distributors, derived from a trade organization (The Specialty Tools & Fasteners Distributors Association), which are believed to sell Defendants' products. *Id.*

The legal standard imposed by § 708.510 does not obligate Blue Grass to provide detailed evidentiary support for its request but only to describe them with sufficient detail so that Defendants can file a claim of exemption or other opposition. *See UMG Recordings, Inc. v. BCD Music Group, Inc.*, No. CV 07-05808 SJO (FFMx), 2009 WL 2213678, at *3 (C. D. Cal. Jul. 9, 2009) (citing Cal. Code. Civ. P. § 708.510(a)). Additionally, accounts receivable constitute assignable property. Legislative Committee Comment to Cal. Code. Civ. P. § 708.510. And, as Blue Grass notes, out-of-state property is amenable to an assignment order because Defendants are located in California. ECF No. 3-1 at 4-5; *Peterson v. Islamic Republic Of Iran*, 627 F.3d 1117, 1131 (2010) (stating that,

1  under California law, the location of a right to payment is the debtor's location for purposes of
2  applying § 708.510(a)); *Global Money Management v. McDonnold*, No. 06cv34 BTM (WMc), 2009
3  WL 3352574, at *3 (S. D. Cal. Oct. 15, 2009) ("Additionally, the Court may require a judgment
4  debtor subject to personal jurisdiction of the Court to assign his rights to payment to a judgment
5  creditor, even if the assignable property is located outside of California."); *UMG Recordings, Inc.*,
6  2009 WL 2213678, at *4 ("[T]he Court may properly order BCD to assign its rights to payment
7  from out-of-state third parties.").

8      The only issue is whether Blue Grass may reach Defendants' deposit accounts and related rights
9  through an assignment order. The court did not find any analogous cases in which a California or
10 federal court applying California law ordered assignment of a deposit account. In one case from this
11 district, the court determined "that the general power to withdraw money from one's bank, as a
12 generic 'right to payment,' is not the sort of right contemplated by § 708.510, and thus amenable to
13 assignment pursuant to the statute." *Quaestor Investments Inc. v. State of Chiapas*, No. CV-95-6723
14 JGD AJW, 1997 WL 34618203, at *7 (C. D. Cal. Sept. 2, 1997). On the other hand, Blue Grass
15 argues that the accounts are "in effect debts and obligations owed to a customer (such as our
16 Defendant here) by the bank, who is the debtor to the customer. ECF No. 3-1 at 6-7 (quoting *In re
17 Bernard*, 96 F.3d 1279, (9th Cir. 1996) ("It is a well-settled principle of California law that the
18 relationship between a bank and its depositor is one of debtor and creditor." (internal citations
19 removed))). Blue Grass, however, has not identified any banks or other financial institutions that are
20 obligated to make payments to Defendants. Without that information, the court cannot evaluate the
21 factors in section 708.510(c) of the California Code of Civil Procedure to determine whether an
22 assignment order is warranted or permissible. *See Garden City Boxing Club, Inc.*, 2007 WL
23 4463264, at *1. The court also observes that a plaintiff may obtain discovery regarding the assets of
24 the judgment debtors under Rule 69(b) of the Federal Rules of Civil Procedure. That process would
25 allow for the identification of bank accounts, which are subject to a writ of execution. Indeed, Blue
26 Grass noticed judgment debtor exams, *see* ECF Nos. 12 and 16, but cancelled them. ECF No. 19.
27 The remedy remains available to Blue Grass. Blue Grass agreed at the hearing that this approach
28 was acceptable.

REPORT AND RECOMMENDATION
(MC 10-80248 WHA (LB))           5

As to the accounts receivable, more than six months have passed since Defendants were bound by judgment to pay Blue Grass, and Defendants have not paid Blue Grass nor appeared in this matter. Blue Grass identified specific entities that are reasonably believed to be obligated to make assignable payments to Defendants. Therefore, the undersigned recommends that the district court grant Blue Grass's motion for an assignment order of the accounts receivable, as specified below.

## B. Restraining Order

Blue Grass also asks:

> For an order restraining Defendants from the sale, alienation, mortgage, lien, transfer, encumbrance, advancement, cashing or negotiation, receipt or disbursing, any of the monies, funds, properties or proceeds, constituting the accounts and accounts receivable for the sale of any products or goods by judgment debtors, under C.C.P. § 708.520(a).

ECF No. 3 at 1-2.

"When an application is made pursuant to § 708.510 or thereafter, the judgment creditor may apply to the court for an order restraining the judgment debtor from assigning or otherwise disposing of the right to payment that is sought to be assigned. Cal. Code Civ. P. § 708.520(a). "The court may issue an order pursuant to this section upon a showing of need for the order." *Id.* at § 708.520(b). "The order shall be personally served upon the judgment debtor and shall contain a notice to the judgment debtor that failure to comply with the order may subject the judgment debtor to being held in contempt of court." *Id.* at § 708.520(d).

Courts have issued restraining orders "so that [the assigned rights to payment] might be available for satisfaction of the judgment." *Sleepy Hollow, Inv. Co. No. 2*, 2006 WL 279349 at *3. Here, Defendants' failure to pay any monies voluntarily demonstrates a need to protect the assigned rights to payment from transfer or disposition by Defendants. Accordingly, the undersigned recommends that the district court grant Blue Grass's motion for a restraining order, as specified below.

## C. Turnover Order

Blue Grass also asks for an order compelling:

> Defendants to turn over any and all checks, cash, notes, instruments, credit card drafts, or any other tangible item of payment, received by the Judgment Debtors arising from the sale or rendition of goods or services, in the operation of the business, to the United States Marshal, Northern District of California, 450 Golden Gate Avenue, Rm. 20-6888, San Francisco, CA 94102, ATTN: CIVIL ENFORCEMENTS.

ECF No. 3-1 at 2.

Section 699.040 of the California Code of Civil Procedure permits a court to order property turned over as follows:

> If a writ of execution is issued, the judgment creditor may apply to the court . . . for an order directing the judgment debtor to transfer to the levying officer either or both of the following: (1) possession of the property sought to be levied upon if the property is sought to be levied upon by taking it into custody; (2) possession of documentary evidence of title to property or a debt owed to the judgment debtor that is sought to be levied upon . . . . The court may issue an order pursuant to this section upon a showing of need for the order.

Cal. Code Civ. P. § 699.040. Here, Blue Grass obtained a writ of execution. ECF No. 7. Blue Grass has shown need for the order because, without the turnover order, Defendants could frustrate the assignment order and continue to avoid paying the judgment. ECF No. 3-1 at 8. Accordingly, the court grants Blue Grass's motion as to the requested turnover order, as specified below. *See*, *e.g.*, *UMG Recordings, Inc.*, 2009 WL 2213678, at *4 ("The Court finds a turnover order appropriate to help curtail BCD's dilatory tactics and give effect to the assignment order, and finds that BCD's behavior in refusing to pay any portion of the settlement amount or judgment suffices to demonstrate the need for such an order. ").

## V. CONCLUSION AND FORM OF ORDER

For the foregoing reasons, as specified below, the undersigned recommends that the district court issue the following order granting Blue Grass's motion for assignment of rights, a restraining order, and a turnover order:

The court **ORDERS** that all accounts receivable to and in favor of Defendants Beyond A Blade, Inc., Flush-Cut, Inc., and Paws Off Tools, LLC, which arise out of or are based upon the sale of tools, manufacture of tools, licensing of tools, licensing of any patent, trademark, or any other intellectual property, distribution of tools or hardware, or any other manufacture or distribution of tools, for any and all retailers, wholesalers, distributors, jobbers, subjobbers, or the like, under C.C.P. § 708.510(a), are hereby assigned to Plaintiff Blue Grass Manufacturing Company of Lexington, Inc., care of its attorney, David J. Cook, Cook Collection Attorneys, PLC, 165 Fell Street, Third Floor, San Francisco, CA 94102 for purposes of payment of the judgment in the

amount of $265,963.58, plus post-judgment interest from and after October 8, 2010.[2]  The accounts receivable are due, or will be due, from the following:

    1.    ACE HARDWARE CORPORATION
          c/o CSC - LAWYERS INCORPORATING SERVICE
          2730 Gateway Oaks Drive, Suite 100
          Sacramento, CA 95833

    2.    NORTHERN TOOL & EQUIPMENT
          2800 Southcross Drive West
          Burnsville, Minnesota 55306

    3.    AMAZON.COM
          1200 - 12th Avenue
          Seattle, WA 98144

    4.    DISCOUNT BUILDERS SUPPLY
          1695 Mission Street
          San Francisco, CA 94103

    5.    GRAY'S ONLINE
          Homebush Corporate Park
          29-33 Carter Street
          Lidcombe NSW 2141 Australia

    6.    DRILL SPOT
          5603 Arapahoe Ave., Unit 6
          Boulder, Colorado

    7.    MSC INDUSTRIAL DIRECT CO., INC.
          c/o Corporation Service Company
          80 State Street
          Albany, NY 12207

    8.    DENNY & KATHY'S SUPERSTORE
          3123 Roosevelt Road
          St. Cloud, MN 56301

    9.    W.W. GRANGER INC.
          C/o CT Corporation System
          818 W. 7th Street
          Los Angeles, CA 90017

    10.    DO IT BEST
          1201 Blue Star Hwy.
          South Haven, MI  49090

          DO IT BEST

---

[2] From the amended complaint filed in the underlying action, the undersigned calculates the post-judgment interest to be $24,321.04 (1.5% monthly interest from October 8, 2010 to May 5, 2011 on principle amounts of  $111,213.50 and $124,756.18).  *See* E.D. Ky. Docket No. 5:10-cv-00134-JMH, Amended Complaint, ECF No. 9-1 at 3-4, ¶¶ 6, 13.

UNITED STATES DISTRICT COURT
For the Northern District of California

REPORT AND RECOMMENDATION
(MC 10-80248 WHA (LB))        8

           6502 Nelson Road
           Fort Wayne, IN 46803

11.    WOODCRAFT
       1177 Rosemar Road
       P.O. Box 1686
       Parkersburg, WV 26102-1686

12.    GRADY'S HARDWARE, INC.
       11173 - 18TH Street, NE
       St. Michael, MN 55376

All others are listed in Exhibit A-1 at ECF No. 3-3, incorporated in this order by reference. The assignment shall remain in place until such time as the payment is paid in full, including accrued interest.

    The court further **ORDERS** that Defendants are hereby stayed, prohibited, and enjoined from cashing, negotiating, advancing, collecting, any and all accounts, accounts receivable, rights to payment of money, claims for payment of money due from third parties, or other rights subject to the assignment herein.

    The court further **ORDERS** that Defendants shall turn over any and all checks, cash, notes, instruments, credit card drafts, or any other tangible item of payment received by the judgment debtors arising from the sale or rendition of goods or services, in the operation of the business, to the United States Marshal, Northern District of California, 450 Golden Gate Avenue, Rm. 20-6888, San Francisco, CA 94102, ATTN: CIVIL ENFORCEMENTS. Blue Grass shall personally serve this order upon the judgment debtors, and the judgment debtors are notified that failure to comply with the order may subject the judgment debtors to being held in contempt of court.

///
///
///
///
///
///
///
///

REPORT AND RECOMMENDATION
(MC 10-80248 WHA (LB))       9

## VI. OBJECTIONS

Any party may file objections to this Report and Recommendation with the district judge within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Civil L.R. 72-3. Failure to file an objection may waive the right to review of the issue in the district court.

Blue Grass is ordered to serve this order on Defendants and file proof of service.

This disposes of ECF No. 3.

**IT IS SO RECOMMENDED.**

Dated: May 5, 2011

_____
LAUREL BEELER
United States Magistrate Judge