UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| BLUE GRASS MANUFACTURING COMPANY OF LEXINGTON, INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BEYOND A BLADE, INC., FLUSH-CUT, INC., and PAWS OFF TOOLS, LLC<br><br>　　　　　Defendants.<br>_____/ | No. MC 10-80248 WHA (LB)<br><br>**REPORT AND RECOMMENDATION RE *EX PARTE* MOTION FOR PROCESS SERVER TO LEVY EXECUTION**<br><br>[ECF No. 6] |

## I. INTRODUCTION

Plaintiff Blue Grass Manufacturing Company of Lexington, Inc. ("Blue Grass") filed an unopposed *ex parte* motion seeking an order permitting a private process server to levy execution instead of a United States marshal. ECF No. 6.[1] The district court referred the matter to the undersigned on January 25, 2011. ECF No. 10. Because the motion complies with the requirements of 699.080 of the California Code of Civil Procedure, the undersigned recommends that the court grant Blue Grass's motion.

## II. FACTS

Blue Grass obtained a judgment for $265,963.58 against t Defendants Beyond A Blade, Inc., Flush-Cut, Inc., and Paws Off Tools, LLC (collectively "Defendants") from the United States

---

[1] Citations are to the clerk's electronic case file (ECF) with pin cites to the electronic page numbers at the top (as opposed to the bottom) of the page.

REPORT AND RECOMMENDATION
(MC 10-80248 WHA (LB))

District Court for the Eastern District of Kentucky, Case No. 5:10-134-JMH. Exh. A, ECF No. 3-2 at 5. The judgment was registered in this district, CV-10-80248 MISC WHA. ECF No. 1. The district court issued a writ of execution. ECF No. 7. Blue Grass filed an unopposed *ex parte* motion seeking an order permitting a private process server to levy execution instead of a United States marshal. ECF No. 6. Blue Grass notified Defendants of its *ex parte* application by mailing copies to Defendants on January 18, 2011. Proof of Service, ECF No. 6-4 at 1-2. Judge Alsup referred all post-judgment matters to the undersigned. ECF No. 10. The judgement remains unsatisfied, either in part or in whole. Cook Decl., ECF No. 6-2 at 1, ¶ 2.

### III. LEGAL STANDARD

A final judgment for the recovery of money entered by a federal district court outside of California may be entered in California by registering it in a federal district court in California. *See* 28 U.S.C § 1963. The execution of final judgments is governed by Rule 69(a) of the Federal Rules of Civil Procedure, which provides:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution--and in proceedings supplementary to and in aid of judgment or execution--must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Fed. R. Civ. P. 69(a). Thus, post-judgment enforcement proceedings in this court must comply with California law. *Credit Suisse v. U.S. Dist. Court for Cent. Dist. of California*, 130 F.3d 1342, 1344 (9th Cir. 1997); *Carnes v. Zamani*, 488 F.3d 1057, 1060 (9th Cir. 2007) ("Rule 69(a) requires the court to apply state law to 'proceedings supplementary to and in aid of a judgment' unless there is a federal statute that would apply.").

The California Code of Civil Procedure provides that "after entry of a money judgment, a writ of execution shall be issued by the clerk of the court upon application of the judgment creditor." Cal. Code Civ. P. § 699.510. Under section 699.080 of the California Code of Civil Procedure, a registered process server may levy under a writ of execution on property specified in California Code of Civil Procedure § 699.080(a).

A registered process server is a person registered as a process server pursuant to the California Business and Professions Code sections 22350 through 22360. The use of a process server is routine

REPORT AND RECOMMENDATION
(MC 10-80248 WHA (LB))                           2

in the enforcement of judgments and is authorized by California law. *See Garden City Boxing Club, Inc. v. Aviles*, No. 1:03-CV-6400 AWI SMS, 2007 WL 1821466, *2 (E.D. Cal. June 25, 2007).

## IV. DISCUSSION

The undersigned has reviewed the documents filed by Blue Grass. The undersigned finds that Attorney Service of San Francisco is a registered process server, having filed a certificate of registration in San Francisco County. Cook Decl., ECF No. 6-2, at 2 ¶ 3; Ex. B, ECF No. 6-2 at 10-17. Based on the declaration of Blue Grass's attorney, the undersigned finds that the interests of justice would be served by relieving the United States marshal from effectuating certain types of services necessary to facilitate collection of the judgment in this action. Furthermore, the undersigned finds that Defendants would not suffer prejudice from granting Blue Grass's motion because it does not seek to diminish Defendants' rights or otherwise alter Blue Grass's rights or remedies relating to collection.

The undersigned observes that Judge Alsup has denied a similar request in the past. *See J & J Sports Productions, Inc. v. Steve Sang Ro* (N.D. Cal. Feb. 19, 2010), No. C 09-02860 WHA, ECF No. 42 at 1-2. In *J & J Sports Productions*, the plaintiff obtained a default judgment in the amount of $4,350 against the defendant. *Id.* at 1. Then, the plaintiff moved pursuant to section 699.080 of the California Code of Civil Procedure for an order authorizing a process server – instead of United States marshals perform service – to effectuate service of the writ of execution. *Id.* The plaintiff claimed that this would relieve the United States marshals of the burden of effectuating service. *Id.* Judge Alsup denied the request because writs of execution issued by federal district courts are ordinarily served by United States marshals pursuant to 28 U.S.C. § 566(c), and the plaintiff failed to explain what about the matter justified departing from the normal course of action in which United States marshals perform the duty of service. *Id.* at 1-2.

Blue Grass did not address this issue in its original motion but, at this court's invitation, filed a short supplemental brief that reiterated the benefit of relieving the United States marshals of the burden of effectuating service and stated that it is a well-accepted practice. Supplemental Brief, ECF No. 23 at 1-2 (filed on May 20, 2011).

The undersigned notes that many other courts in this district have granted similar requests,

REPORT AND RECOMMENDATION
(MC 10-80248 WHA (LB))   3

implicitly reasoning that section 566(c) of title 28 of the United States Code does not forbid application of section 699.080 of the California Code of Civil Procedure. *See, e.g., J & J Sports Productions Inc v. Cardoze, et al.* (N.D. Cal. Oct. 4, 2010), No. C-09-4944 SC, ECF No. 32; *J & J Sports Productions Inc v. Montecinos, et al.* (N.D. Cal. Jan. 11, 2010), No. C-09-02604 JSW (EDL), ECF No. 24; *Kingvision Pay-Per-View, Ltd. v. Norberto*, No. C 03-3886 JSW, 2007 WL 4577871 (N.D. Cal. Dec. 27, 2007); *Garden City Boxing Club, Inc. v. Noberto* (N.D. Cal. April 23, 2007), No. C-06-05665 RMW, ECF No. 28; *cf. Hilao v. Estate of Marcos*, 95 F.3d 848, 852-53 (9th Cir. 1996) (holding that federal service of process rules supplemented, but did not supplant, California service of process statute that applied exclusively to enforcement of judgment).

## V.  CONCLUSION AND FORM OF ORDER

For the foregoing reasons, the undersigned recommends that the district court issue the following order granting Blue Grass's unopposed *ex parte* motion for an order permitting a process server to levy execution:

The court **ORDERS** that Blue Grass may employ the services of Attorney Service of San Francisco to perform the duties and responsibilities of a levying officer as defined under California Code of Civil Procedure § 699.080.

The court further **ORDERS** that Attorney Service of San Francisco shall comply with the requirements of the California Code of Civil Procedure in the enforcement of the judgment, consistent with and in conformity to the California Code of Civil Procedure § 699.080.

## VI. OBJECTIONS

Any party may file objections to this Report and Recommendation with the district judge within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Civil L.R. 72-3. Failure to file an objection may waive the right to review of the issue in the district court.

///

///

///

///

///

REPORT AND RECOMMENDATION
(MC 10-80248 WHA (LB))                                      4

Blue Grass is ordered to serve this order on Defendants and file proof of service.

This disposes of ECF No. 6.

**IT IS SO RECOMMENDED.**

Dated: June 14, 2011

_____

LAUREL BEELER

United States Magistrate Judge